## Basil Maxant and Gustav Tatter, Trading as Maxant & Co., Defendants in Error, v. The Chicago Screw Co., Plaintiff in Error.

### Gen. No. 16,371.

1. SALES—*when time of delivery is not extended.* Where goods to be manufactured are to be delivered by a certain day, if a salesman of the manufacturers testifies in an action by the purchaser to recover a payment that the purchaser agreed to an extension of time, which evidence is denied by the purchaser, the court may properly find that the time for performance was not extended.

2. SALES—*when delay in performance is ground for cancellation.* Where screws and button dies to be manufactured are to be delivered by a certain day and an advance payment is made, if the manufacturer will not be ready to deliver the goods until two months after the day named the purchaser at the end of one month may cancel the contract and recover the money advanced.

Error to the Municipal Court of Chicago; the Hon. MICHAEL F. GIRTEN, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed June 17, 1912.

GRIDLEY, CULVER & KING, for plaintiff in error.

HORTON, WICKETT, MILLER & MEIER, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

May 29, 1909, the plaintiffs, defendants in error here, ordered the defendant to make for them 5,000 screws and 1,500 sets of button dies from patterns to be furnished by plaintiffs. The samples were delivered to defendant June 23rd. The evidence is conflicting as to the time when the dies were to be furnished, but from it the trial court might properly find that they were to be furnished, at the latest, in nine weeks from the time the samples were delivered, and therefore that they were to be furnished by September 1. Some days after the order was given the de-

fendant demanded that plaintiff pay in advance on the order $250, and the defendant made such payment June 12. Nothing was said as to the place of delivery. In September and October the plaintiffs made repeated demands that the defendant furnish the dies, and October 4 notified the defendant by letter that they considered the order cancelled and requested the return of the money paid in advance.

Whether there was an agreement to extend the time of performance to November 5 was another controverted question. Gorman, a salesman for the defendant, testified that Maxant, one of the plaintiffs, told him about October 5 that if the dies were furnished by November 5 it would be satisfactory to the plaintiffs, and Maxant testified that he made no such statement to Gorman. On this evidence the court might properly find that the time of performance was not extended.

The defendant was not ready to deliver the dies until November 5.

We think that from the evidence the court might properly find that this was an unreasonable delay and constituted such a breach of the contract by the defendant as gave the plaintiffs the right to cancel the contract and recover the money advanced by them to defendant thereon.

The judgment is for the amount of money so advanced, and is affirmed.

*Affirmed.*